**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JADE E. ANDERSON, | No. 13-16897 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00155-SI |
| v. | |
| TINA HORNBECK, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted November 19, 2014
San Francisco, California

Before: REINHARDT, THOMAS, and CHRISTEN, Circuit Judges.

Jade Anderson took a wallet and cell phone from a man her companion had

choked into unconsciousness and – unbeknownst to her – fatally injured. Towards

the end of a twelve-hour interrogation, she admitted that she took the items while

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

the victim was still alive. On this basis, she was convicted of felony murder and sentenced to twenty-five years to life in prison. Without her own inculpatory statements, the evidence would not even have supported a charge of robbery, but only one of theft. In her habeas petition, Anderson argues that her inculpatory statements should have been suppressed at trial because they were made after the interrogating officers disregarded her invocation of the right to counsel.

This case turns on the facts, so they are recounted briefly. After some hours of questioning, the officers put Anderson under arrest and handcuffed her. Without informing her of her rights, the officers then left the room, to search her purse before she was escorted to the restroom. They conducted this search at a table a short distance from the door to the interrogation room, which they left partially ajar. The officers spoke to each other, and, in response to Anderson's request for a tampon from her purse, they conversed back and forth with her. During this period, Anderson stated, "I need a lawyer." The California Court of Appeal alternately characterized this statement as made in an "even voice" and "simply mus[ing]." There was no response from the officers, who later testified that they did not hear her. Where exactly the officers were standing when Anderson made her statement is not entirely clear.

Another officer, of whose presence Anderson was unaware, was sitting in an adjacent area, recording the interrogation. He heard Anderson say, "I need a lawyer," and he promptly related this statement to one of the interrogating officers, Clark, who had no response. It was only after subsequent questioning that Anderson stated that the victim was alive when she took his possessions.

Additionally,[1] the next day, Anderson was again interrogated by a team that included Officer Clark. She again said, "I need a lawyer," this time directly to Clark, who said, "You're going to get a lawyer, Jade. That's going to be appointed for you. That's not an issue." Clark did not, however, stop questioning her; later, he testified that this invocation "went in one ear and out the other." (Statements made after this second invocation were suppressed at trial.)

The record leaves us with the distinct impression that the officers failed to "scrupulously honor[]" Anderson's right to legal representation during her

---

[1]Anderson also argues that she invoked her right to silence prior to confessing. However, this claim was not certified for appeal, and it turns primarily on state evidence law regarding which recording or transcription to credit when a statement is intelligible in one and not in others. Thus, we do not address it.

interrogation, *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), and that the conclusions of the state court to the contrary are erroneous.[2]

We are unable, however, to conclude, as required by AEDPA, that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). This is for two reasons. First, the state court's core legal conclusion – that an invocation made in a manner unlikely to be heard by an officer is ambiguous – was not an unreasonable application of the clear invocation rule of *Davis v. United*

---

[2]Peripheral elements of the state court's analysis in Anderson's case were indeed contrary to clearly established Supreme Court law. First, the California Court of Appeal identified Anderson's failure to reiterate her request for counsel as confirmatory of "[t]he lack of conviction implicit in her manner." *Smith v. Illinois*, 469 U.S. 91, 99-100 (1984), however, held that "*postrequest* responses to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request itself." Second, to the extent that the California Court of Appeal held that an invocation must be heard firsthand by the officer to whom it is addressed, this holding was contrary to *Arizona v. Roberson*, 486 U.S. 675, 687-88 (1988), which clearly established that invocations are not officer-specific. However, these legal conclusions were doctrinally incorrect surplusage, and not the basis on which the state court denied Anderson relief.

*States*, 512 U.S. 452, 458-59 (1994).[3] Second, the state court's core factual determination – that Anderson's statement was made in a manner unlikely to be heard by an officer – was not an "unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(2). The decision, although based on an unfortunate willingness to credit the testimony of an officer who demonstrated a cavalier attitude towards the constitutional rights of suspects, is nevertheless entitled to deference under AEDPA.

Hence, with considerable reluctance, we affirm the district court's denial of Anderson's habeas petition.

AFFIRMED.

---

[3]We do not hold here that the *Davis* rule actually applies to invocations made before *Miranda* warnings are given during custodial interrogation. We merely conclude, in light of *Sessoms v. Grounds*, 768 F.3d 882, 887 (9th Cir. 2014) (en banc) (assuming without deciding that *Davis* applies), that it was not contrary to or an unreasonable application of clearly established law for the state court to apply it in that context.